NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARIA DE JESUS GUTIERREZ ALARCON; M.A.M.G.; A.D.S.G., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3430 <br><br> Agency Nos. <br> A246-087-790 <br> A246-087-791 <br> A246-087-792 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Maria De Jesus Gutierrez Alarcon and her minor children (collectively,

"Petitioners") are natives and citizens of Mexico.[1] They petition for review of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Gutierrez Alarcon is the lead petitioner. Her children filed their own applications
for asylum and related relief based on Gutierrez Alarcon's claims and were listed
as derivative beneficiaries on their mother's application.

Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA conducted an independent review of the record and provided its own grounds for affirming the IJ's decision," we review only the BIA's opinion, *Navas v. INS*, 217 F.3d 646, 654 (9th Cir. 2000) (citation omitted), except to the extent the BIA expressly adopted portions of the IJ's decision, *see Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We review the BIA's denial of a motion to remand for an abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (citation omitted).

1. The BIA did not abuse its discretion in denying Petitioners' request to remand for consideration of their proposed family-based particular social group ("PSG"), which was raised for the first time on appeal.[2] Petitioners do not

---

[2] In their briefing before the BIA, Petitioners also raised political opinion as an additional protected ground. Because their applications for relief do not list political opinion as a basis for their claims, however, the BIA correctly concluded that "eligibility for relief based on political opinion [was] not on appeal" before the agency. To the extent Petitioners seek to raise political opinion as a basis for their claims before this court, their argument is unexhausted, and we do not consider it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

explicitly challenge the BIA's denial of their request for remand but rather ask that this court "remand this case to have a clearer understanding of what the particular social group is."  Assuming that any challenge to the BIA's denial is preserved, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived), the agency did not abuse its discretion in refusing to remand.  As the BIA highlighted, it is the petitioner's burden to articulate the protected ground upon which their claims for relief may be based.  *See* 8 C.F.R. § 1208.13(a).  And although Petitioners did not have counsel present for their hearing before the IJ, the BIA twice observed that Petitioners did have the assistance of counsel in preparing and filing their applications for relief, which did not delineate any proposed PSG.

2. Because Petitioners' failure to propose a cognizable PSG or any other protected ground is dispositive of their eligibility for asylum and withholding of removal, the BIA did not err in rejecting these claims for relief.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) ( "[T]he Board did not err when it declined to consider [the petitioner's] proposed particular social groups that were raised for the first time on appeal.").[3]

---

[3] We therefore do not reach Petitioners' remaining arguments regarding asylum and withholding of removal.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

3. Petitioners do not dispute the BIA's determination that they waived their CAT claim by failing to offer a meaningful argument. Thus, any challenge to that determination is waived, and Petitioners' CAT claim fails. *See Lopez-Vasquez*, 706 F.3d at 1079–80.

Respondent's motion to submit the case on the briefs without oral argument, Dkt. 26, is denied as moot.

**PETITION DENIED.**[4]

---

[4] The temporary stay of removal remains in place until the issuance of the mandate.

23-3430